**In re Willie Jo ESTES, Debtor.**

**Bankruptcy No. 84–02080 (11).**

United States Bankruptcy Court, N.D. Alabama.

Jan. 16, 1986.

Robert B. Rubin, Birmingham, Ala., for debtor.

### ORDER REVOKING APPROVAL BY THE COURT OF EMPLOYMENT BY THE DEBTOR OF ATTORNEYS

L. CHANDLER WATSON, Jr., Bankruptcy Judge.

The above-styled case was commenced by a voluntary petition of the debtor, Willie Jo Estes, filed in the United States Bankruptcy Court on April 17, 1984, under the provisions of title 11, chapter 11, United States Code, seeking a reorganization of the debtor's financial affairs. After enactment of the Bankruptcy Amendments and Federal Judgeship Act of 1984, Pub.L. 98–353 (July 10, 1984), this case was referred to the bankruptcy judges in this district by a general order of the United States District Court for this district and is pending before this bankruptcy judge under said chapter 11.

On December 6, 1985, the bankruptcy judge entered an order herein which approved the debtor's disclosure statement, set a hearing upon confirmation of the debtor's plan of reorganization for January 8, 1986, provided that acceptances or rejections of the plan could be filed on or before December 27, 1985, and made other provisions.

Pursuant to said order this case came on before the Court at Gadsden, Alabama, on January 8, 1986, for said confirmation hearing, with Robert B. Rubin, Esquire, appearing as attorney for the debtor and with various creditors represented by other le-

gal counsel. Upon examining the case file and related papers presented to him by the deputy clerk, the bankruptcy judge noted the filing in this case, on January 8, 1986, by Attorney Rubin of a ballot, which purported to accept the debtor's plan on behalf of Sirote, Permutt, Friend, Friedman, Held & Apolinsky, P.C., by Robert B. Rubin, Esquire; whereupon, the bankruptcy judge inquired of Mr. Rubin as to whether Mr. Rubin could serve as attorney or legal counsel for the debtor in this chapter 11 bankruptcy case. Debtor's counsel maintained that a prepetition debt owed by the debtor to counsel's law firm was not owed to him but to a corporation [his law firm] and that neither was he disqualified to be employed as the debtor's attorney in this case nor was it appropriate for the Court to question his qualifications at this advanced stage of the case.

After considering Mr. Rubin's statements, the bankruptcy judge stated from the bench that the Court's order approving the debtor's employment of legal counsel was revoked. Following an opportunity for other counsel present to confer among themselves, a spokesperson requested that the Court reconsider its order and permit Mr. Rubin to continue to represent the debtor in this case; whereupon, the bankruptcy judge stated from the bench that the request was denied;

The bankruptcy judge will now proceed to give more formal form to the oral order of revocation stated during the confirmation hearing.

*Findings of Fact—*

Taking judicial knowledge of the contents of the official court file for this case and considering the statements of debtor's attorney at the hearing before the Court in this case, on January 8, 1986, the bankruptcy judge finds the facts relevant to the matter before the Court, as follows:

1. The debtor is an individual who is employed by the State of Alabama as a "supervisor" in the Gadsden, Alabama, office of one of its larger agencies;

2. Beginning in August, 1972, the debtor was a partner in a firm which conducted a "commercial egg operation," and the debtor continued in this partnership until the business was terminated by a fire on September 17, 1982;

3. At the commencement of this chapter 11 case, the debtor owed debts having priority in this case of $2,970.94, secured debts of $548,470.94, and unsecured debts without priority of $142,393.46 (totalling $693,835.34), and the debtor owned assets valued by her at $1,042,855, consisting mainly of real property but including a claim against an insurance company for $132,000;

4. From June, 1983, through March, 1984, the debtor paid the sum of $13,700 to the law firm of Sirote, Permutt, Friend, Friedman, Held & Apolinsky, P.C., and at the commencement of this case the scheduled unsecured debts without priority of the debtor included a debt owed to Sirote, Permutt, Friend, Friedman, Held & Apolinsky, P.C., in the sum of $14,290.46;

5. The debtor's chapter 11 bankruptcy petition is signed "Robert B. Rubin, by Maurice Shevin" and has typed on its face the following: "SIROTE, PERMUTT, FRIEND, FRIEDMAN, HELD & APOLINSKY, P.C. Of counsel";

6. A "DISCLOSURE STATEMENT OF COMPENSATION PAID OR PROMISED TO ATTORNEYS FOR THE DEBTOR ..." is also signed "Robert B. Rubin by Maurice Shevin," and it contains the following statements: "Debtor has paid the sum of $5,000 as retainer fee and $200 filing fee. Debtor has employed counsel on a general retainer.";

7. The debt of $14,290.46 owed by the debtor to the law firm of Sirote, Permutt, Friend, Friedman, Held & Apolinsky, P.C., was not a part of any fee earned by said attorneys (or said corporation) for representation of the debtor in connection with the commencement or prosecution of this chapter 11 case;

8. No trustee has been appointed in this case, and the debtor has continued as a debtor in possession of the assets of the

estate throughout the pendency of this case;

9. On the day following the filing of the debtor's chapter 11 petition, there was filed in this case an application by the debtor which recited that the debtor wished to employ "Robert B. Rubin, and the law firm of Sirote, Permutt, Friend, Friedman, Held & Apolinsky, P.C., as attorneys in this cause," that the debtor wished to employ them "under a general retainer," that "Robert B. Rubin represents no interest adverse to Debtor as Debtor-in-Possession or the estate," and which prayed that the Court approve the "employment of the said Robert B. Rubin, and the law firm of Sirote, Permutt, Friend, Friedman, Held & Apolinsky, P.C., under a general retainer to represent it [sic] as Debtor-in-Possession in this proceeding [sic] under chapter 11 ...";

10. The application of the debtor for approval of the employment of said attorneys not having been granted by the bankruptcy judge, Mr. Rubin, on the stationery of said law firm (or corporation) under date of June 29, 1984, "For the Firm," wrote to the bankruptcy judge and enclosed "a replacement application for employment," which was similar to the debtor's prior application but which contained a modified paragraph and a new paragraph as follows:

7. Robert B. Rubin and the law firm of Sirote, Permutt, Friend, Friedman, Held & Apolinsky, P.C., represent no interest adverse to Debtor as Debtor-in-Possession or the estate in the matters upon which they are to be engaged for Debtor as Debtor-in-Possession, and their employment would be to the best interest of this estate.

8. Robert B. Rubin, and the law firm of Sirote, Permutt, Friend, Friedman, Held & Apolinsky, P.C., are disinterested persons within the meaning of 11 U.S.C. § 327[;]

11. The "replacement application" by the debtor, for employment of Mr. Rubin and said law firm (or corporation) was noted by the clerk as filed on July 2, 1984, and by an order dated August 3, 1984, entered *nunc pro tunc*, July 2, 1984, the bankrupt-cy judge approved the debtor's employment of said attorney and law firm (or corporation);

12. The debtor's plan of reorganization, which was the subject of the hearing on January 8, 1986, contained a provision for the debtor to pay in full, within twelve months of confirmation of the plan, "all the unsecured creditors [sic] of the Debtor"; and

13. Nothing further concerning the matter before the Court is recorded in the case file prior to the confirmation hearing on January 8, 1986, at which Mr. Rubin filed with the clerk a tardy ballot signed by him, which purported to accept the debtor's plan on behalf of Sirote, Permutt, Friend, Friedman, Held & Apolinsky, P.C., and which recites that said firm (or corporation) was a creditor holding a claim "in the unpaid principal amount of $14,290.46."

*Conclusions by the Court—*

Bankruptcy Judges—as is the case with other trial judges—must quickly and repeatedly make decisions "from the bench" upon matters which frequently are simple or are well-settled but which, fairly often, present complex questions of fact and the application of intricate rules and statutes. Obviously, the courtroom does not present the most favorable environment for decisions upon the latter type of matters, particularly when the issue is raised by the Court itself. Upon a mature reflection upon the Court's oral order of revocation of the approval of employment of legal counsel for the debtor in this case and upon a consideration of some of the published writings of others dealing with the subject matter of this ruling, the bankruptcy judge, however, does not find that the ruling is infected with any error. Rather, the bankruptcy judge is reaffirmed in his initial conclusion that neither the employment of Mr. Rubin and his law firm (or corporation) nor the order approving such employment by the debtor was proper. Further, the bankruptcy judge is satisfied that the bankruptcy case and the bankruptcy court would be impermissibly tainted with an impropriety if Mr. Rubin were permitted to

continue to represent the debtor in this case, as requested by legal counsel for several of the larger creditors.

In a matter such as the present one before the Court, little or no consideration should be given to the wishes in the matter of other legal counsel. Their positions are dictated by what they perceive to be the best interests of their clients, not by what best serves to protect a fair and impartial judicial system. This case just happens to be an uncommon chapter 11 case which appears to be on the verge of producing results which are pleasing to the major creditors, whose attorneys prefer that the Court not "rock the boat." If the case were a case at the opposite extreme, one might expect to find less support for brother or sister counsel foundering in a rough sea of impropriety.

The role of the courts in maintaining the integrity of a legal system cannot be abdicated and left to the Bar. To do so would surely disappoint the expectations of the citizens of the Republic for fair and impartial justice, free from undue influence by parties or their counsel. None of which is said to lessen the importance of the contribution to professional ethics expected from the Bar and its individual members. Nevertheless, a bankruptcy judge must play a relatively inflexible hand in matters involving standards of professional conduct imposed by Congress in bankruptcy cases and must do so with no regard to popularity ratings, and no one should expect otherwise of the bankruptcy judge.

As to statements by legal counsel of what a commendable job he has done for all parties, this misses the issue here which is not a pragmatic assessment of results produced by his representing the debtor in possession but whether he may do so under the terms of the statute.

The statements by debtor's counsel which invite the bankruptcy judge to examine cases in the "real world" in order to be confronted with the alleged "fact" that a debtor almost always owes a prepetition debt to legal counsel, are blunted by the "fact" that in this case the prepetition debt is not related to the preparation and filing of the chapter 11 petition, for which the debtor paid to counsel a retainer of $5,000. Such statements merely indicate counsel's attitude toward the congressional restriction imposed by 11 U.S.C. § 327(a) which seems to be that of casually dealing with a prosaic and bothersome provision or nuisance regarding employment of professional persons by bankruptcy trustees or chapter 11 debtors in possession.

The statements of debtor's counsel which attempt to reflect adversely upon the bankruptcy judge for not raising earlier this issue carry no weight. Not only do they beg the sole issue of whether Mr. Rubin and his law firm (corporation) may represent the debtor, they ignore the "fact" that the bankruptcy judge did not approve the debtor's first application to employ legal counsel, which merely alleged that Mr. Rubin represented "no interest adverse to" the debtor or the estate. These statements ignore the fact that it was the debtor's second application that was approved, and that it included the law firm (corporation) in its allegations which were expanded to state that they were "disinterested persons within the meaning of 11 U.S.C. § 327." It is irrefutable that the latter allegation was false.

It is not the duty of the bankruptcy judge to ferret out the falseness of such a statement in the debtor's application which was sent to the Court by debtor's counsel with the latter's signed letter to the bankruptcy judge. Such signed cover letter may be taken as counsel's signing of the application in compliance with Bankruptcy Rule 9011(a), for, absent such signature, the application is due to be stricken, by the provisions of that rule, which would leave the Court's approval order without any request of the debtor for a basis. Counsel's signature, as provided in Bankruptcy Rule 9011(a), constitutes a certificate that counsel has read the application and that, to the best of counsel's "knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact...." No, counsel cannot turn the fault in this matter

**162**

upon the bankruptcy judge by a veiled charge of laches or that counsel has been mislead. It is just the opposite.

■ Bankruptcy Rule 9024—with slight exceptions not here involved—makes Federal Rule of Civil Procedure 60 applicable in bankruptcy cases. The latter rule recites that nothing in the rule limits the power of a court "to set aside a judgment for fraud upon the court." This recognizes the continuing power of the United States district courts, exercised here through the bankruptcy judge, to revoke an order approving counsel's employment by the debtor, without a request from any party in interest and even when opposed by all parties represented by counsel.

■ The statutory bar against counsel's representation of the debtor in this case is not an ambiguous provision of title 11, United States Code. Section 327(a) authorizes a bankruptcy trustee, "with the court's approval," to "employ one or more attorneys, ... that do not hold or represent an interest adverse to the estate, and that are disinterested persons...." A slight exception to these qualifications is now provided by § 327(c), added by § 430(c) of the Bankruptcy Amendments and Federal Judgeship Act of 1984,[1] but it offers no haven to debtor's counsel.[2] The chapter 11 debtor in possession exercises the rights and powers of a chapter 11 trustee under § 327, by virtue of the grant of rights and powers contained in 11 U.S.C. § 1107(a).

In 11 U.S.C. § 101(3), "attorney" is stated to mean "attorney, professional law association, corporation, or partnership, authorized under applicable law to practice law." Part (13) of section 101 states that " 'disinterested person' means person that —(A) is not a creditor...." It further states: "and (E) does not have an interest materially adverse to the interest of the estate ..., by reason of any direct or indirect relationship to, connection with, or interest in the debtor ..., or for any other reason."

In § 101(9) "creditor" is stated to mean, among other things, an "entity that has a claim against the debtor that arose at the time of or before the order for relief concerning the debtor." In Part (4) of that section, the meaning of the term "claim" is stated to include "right to payment." In Part (11) of that section, it is stated that " 'debt' means liability on a claim."

One of the contentions of debtor's counsel seems to be that the sole disqualification of counsel in this situation would be that the Court finds that there is an actual conflict between the interests held by counsel and the interests of the debtor or the estate. It would certainly not be overly difficult for the Court to point out several potentials for a conflict of these interests, but it is unnecessary for the Court to make such an inquiry. Counsel's position, however, is not totally without support in the reported decisions. The opinion of the bankruptcy judge in *In re Heatron, Inc.,*[3] appears to adopt a position that the sole inquiry under § 327(a) is whether an actual conflict of interests exists with regard to debtor's counsel, the debtor, and the estate. The opinion cites and rests its conclusion upon a number of decisions which deal with the question of whether a conflict of interests exists, but these decisions predate 11 U.S.C. § 327(a). This position appears to treat the requirement that legal counsel for the debtor be "disinterested persons" as a redundancy to the requirement that no conflict of interests exists. It is obvious that just the opposite would be true if there is any redundancy in the statute, because the term "disinterested persons" excludes a

---

1. Pub.L. 98–353 (July 10, 1984).

2. The amendment is inapplicable to the applications and the order entered August 3, 1984, *nunc pro tunc,* July 2, 1984, in the present case. With exceptions not applicable to this amendment, § 553(a) of the 1984 Act provides that "the amendments made by this title [title III] shall become effective 90 days after the date of enactment of this Act [July 10, 1984]." Further-

more, the amendment does not except a "creditor" from the provisions of subsection (a) of section 329, only a creditor's attorney but not even a creditor's attorney if the court, on objection by another creditor, disapproves "such employment if there is an actual conflict of interest."

3. 5 B.R. 703 (Bankr.W.D.Mo.1980).

"creditor" whether or not there is any conflict of interests.

Part of the rationale for the holding in the *Heatron* case is criticized by Bankruptcy Judge Lavien in *In re Anver Corporation.*[4] In *In re Roberts,*[5] Bankruptcy Judge Clark declines to follow either the rationale or the holding in *Heatron.* Judge Clark's opinion is scholarly and very nearly exhaustive of the subject matter, running to some 32 pages in length. It is unnecessary for the bankruptcy judge to attempt to duplicate or exceed Judge Clark's effort, it being sufficient to state that most of the points made in the present case are dealt with in *Roberts* and that the bankruptcy judge does not find any disagreement there with the positions stated here.

The bankruptcy judge concludes that, not only should the order approving the debtor's employment of legal counsel be revoked, debtor's present legal counsel should not represent the debtor further in this case under any guise or arrangement. Counsel for other parties in interest express concern as to the manner in which the chapter 11 reorganization should now proceed, but that is a matter which the Court will deal with separately.

### Order By The Court

For cause, it is ORDERED by the Court as follows:

1. The order by the bankruptcy judge which authorized the debtor to employ Robert B. Rubin and the law firm of Sirote, Permutt, Friend, Friedman, Held & Apolinsky, P.C., as attorneys for the debtor in possession, entered in the above-styled bankruptcy case on August 3, 1984, is revoked and stands for naught, *nunc pro tunc,* January 8, 1986;

2. The recorded appearance of said attorney and said law firm as attorneys for the debtor in possession in the above-styled bankruptcy case is stricken from the records in this case;

3. The debtor in possession in the above-styled bankruptcy case, Willie Jo Estes, is directed and required to file in this case a statement over her signature, not later than February 12, 1986, that she intends to appear in this case, *pro se,* and represent herself rather than by an attorney or legal counsel or obtain an attorney or attorneys to represent her and appear for her in this case from amongst the members of the Bar of this Court who neither hold nor represent an interest adverse to the estate and are disinterested persons, having due regard for the requirements of 11 U.S.C. § 327, which attorney or attorneys shall file herein an appearance for the debtor in possession not later than February 12, 1986, and who shall, on behalf of the debtor in possession, request approval by the Court of such employment by the debtor; and

4. The clerk shall send a copy of this order through the United States mails to each of the following (which shall be sufficient service and notice hereof): the debtor, Robert B. Rubin, Esquire, Sirote, Permutt, Friend, Friedman, Held & Apolinsky, P.C., the United States trustee of this district, and other legal counsel who appeared for parties in interest at said hearing on January 8, 1986.

---

**4.** 44 B.R. 615, 11 C.B.C.2d 1171 (Bankr.D.Ma. 1984).

**5.** 46 B.R. 815 (Bankr.D.Ut.1985).