**In re FLYING E RANCH CO., a Colorado corporation, Debtor.**

**Bankruptcy No. 86 B 8904 E.**

United States Bankruptcy Court, D. Colorado.

Jan. 11, 1988.

**634**

P.C. Klingsmith, Klingsmith & Associates, Gunnison, Colo., for debtor.

Steve Rider, David Lucey, Rider & Woulf, Aurora, Colo., Attorneys for 9th Dist. Production Credit Ass'n.

## MEMORANDUM OPINION AND ORDER

CHARLES E. MATHESON, Chief Judge.

This matter came on for hearing on the application of Klingsmith & Associates, P.C. ("K & A"), attorneys for Flying E Ranch Co., debtor-in-possession ("Flying E"), for payment of interim fees in this Chapter 11 case. Objections to the application were filed by the Ninth District Production Credit Association ("PCA").

The record before this Court from the hearing and from the case file shows that the within Chapter 11 case was filed on September 23, 1986. Thereafter, an order was entered appointing K & A as counsel for Flying E. The application filed by the attorneys seeking appointment made no disclosures concerning any connections that the firm had with the debtor or whether counsel was otherwise a disinterested person and held no interest adverse to the estate.

The schedules filed by Flying E show that, at the time of the filing of the petition, K & A was owed, on an unsecured basis, the sum of $12,176.47 making it the estate's largest unsecured creditor. The schedules also reflect that K & A was a secured creditor to the extent of $26,600.00 represented by a promissory note which had been given to the firm in December 1984 and which was secured by a second mortgage on certain real estate. Under the statement of affairs a disclosure is made concerning transactions with debtor's counsel prepetition reflecting that on September 22, 1986, immediately prior to the filing of the within bankruptcy case, the debtor conveyed eighty (80) acres of land to K & A. The schedule represents that there was no present value to the property, presumably because it was fully encumbered. The Court observes that in response to the question on the statement of affairs of whether Flying E had made any transfers of property out of the ordinary course of business within one year prior to the filing of the petition, Flying E responded "no" without further disclosure of the transfer of the 80 acres to K & A.

As noted, the statement of affairs shows the transfer of the 80 acres to K & A as being an outright transfer and K & A is not shown as being a secured creditor with respect to that parcel of property. However, at the hearing on the fee application, it was represented by Mr. Klingsmith that the transfer was, in fact, intended for security purposes only. Further, the firm's disclosure of transactions, which was not filed until December 4, 1987, represents that the conveyance of the 80 acres of land was made "for security purposes and has no present value." It is further represented in the disclosure statement that, subsequent to the petition, K & A reconveyed the property so that a sale of the parcel could be consummated and all of the proceeds of the sale were remitted to the secured creditor, PCA.

It is clear that the debt which is owed to K & A prepetition was substantially accrued well in advance of the filing of the Chapter 11 case. Part of the debt goes back to 1984 and before, as evidenced by the promissory note which is scheduled by Flying E.

The PCA has argued that the fees claimed are excessive, and points to the fact that this Chapter 11 case has been pending for twenty-two months without a confirmed plan. The Court agrees that

there have been significant delays in what appears to be a rather simple Chapter 11 case. Most of the activities appear to have been focused on attempting to market the Debtor's real estate. As to the plan process the Court observes that the initial plan was filed on January 21, 1987. With it was filed a request to be relieved from the disclosure requirements of 11 U.S.C. § 1125 on the representation that none of the creditor classes were impaired. That representation was in direct conflict with the plan provisions and the provisions of Chapter 11, and the motion was denied. A disclosure statement was filed on March 16, 1987, and was ultimately found, on June 10, 1987, to not meet the requirements of Section 1125 of the Code. An amended disclosure statement was filed on October 8, 1987, and will be set down for hearing on later order of this Court. While part of this inordinate delay can be attributed to this Court's crowded docket, counsel's pace in pursuing this case cannot be described as being expeditious. Further, letting 22 months pass in a Chapter 11 of this nature without reaching an agreement or other resolution of some kind with the critical secured creditor must reflect negatively on counsel's performance.

Aside from the issue of the reasonableness of the fees charged is the more important threshold inquiry concerning whether K & A should have been authorized to act as counsel for Flying E and, if not, whether all fees should be denied. That inquiry must start from the provisions of 11 U.S.C. § 327 which govern as to the employment of counsel for the trustee, or in this case, the debtor-in-possession. That section provides:

> Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title. 11 U.S.C. § 327(a).

It is then made clear that in a case under Chapter 11, a person is not disqualified for employment "solely because of such persons employment by or representation of a creditor" unless there is an actual conflict of interest. 11 U.S.C. § 327(c). Neither is a person disqualified to act as counsel for the debtor-in-possession solely because of representation of the debtor prepetition. 11 U.S.C. § 1107(b). The Bankruptcy Code does not define what constitutes an interest which is "adverse to the estate." It does, however, expressly define a "disinterested person" as a person that is not a creditor. 11 U.S.C. § 101(13).

The Bankruptcy Rules specify that an order approving the employment of attorneys shall be made only on application stating the facts showing the necessity for the employment, the name of the person to be employed, the reasons for his selection, the professional services to be rendered, any proposed arrangement for compensation and "to the best of the applicant's knowledge, all of the person's connections with the debtor, creditors or any other party in interest, their respective attorneys and accountants." Bankruptcy Rule 2014 (as in effect when the K & A application was filed). As to compensation agreements which have been entered into, the Rules require that the attorney shall file with the court "on or before the first date set for the meeting of creditors" the statement required by 11 U.S.C. § 329 concerning any agreements for compensation, as well as any compensation paid or agreed to be paid within the one year period before the date of the filing of the petition. Bankruptcy Rule 2016; 11 U.S.C. § 329(a).

In the present case, at the time K & A's application for employment was filed, no disclosures were made to the Court in that application of the fact that the firm seeking employment was the largest unsecured creditor of the estate, was a secured creditor of the estate and had received what was probably a preferential transfer of property immediately prepetition. The attorney's statement under 11 U.S.C. § 329, which was due to be filed in the fall of 1986 at the time of the first 341 meeting was not, in fact, filed until December 1987, after the hearings on the application for fees.

Further, that statement appears to be at variance with the disclosures made in the schedules since the Section 329 statement represents that the conveyance of 80 acres immediately prepetition was for security purposes only. However, neither the statement of affairs nor the debtor's schedules reflect that the transfer was made for security purposes or that K & A was a secured creditor with respect to that property.

The applicant argues that the decision of the First Circuit Court of Appeals in the case of *In re Martin*, 817 F.2d 175 (1st Cir.1987) is authority for support of the payment of its interim fees and for its authorization to continue to represent the debtor-in-possession. The applicant's reliance on *Martin* is misplaced. First of all, the Court observes that the transaction in the *Martin* case fundamentally dealt with security taken by an attorney immediately prepetition to secure fees in connection with the filing and prosecution of the bankruptcy case. In the present instance, the record is clear that K & A was both a secured and unsecured creditor with respect to fees for legal services performed long before the filing of the Chapter 11. Additionally, the Court notes that in the *Martin* case full disclosure had been made of the transaction prior to the appointment of the law firm as attorneys for the debtor-in-possession. The court in *Martin* found that fee agreements and mortgages entered into immediately prepetition pertaining to fees to be charged during the pendency of the bankruptcy case did not necessarily create an absolute conflict of interest or make the attorneys "disinterested." However, the court there recognized that the bankruptcy court must make an inquiry and further, that:

> There must be at a minimum full and timely disclosure of the details of any given arrangement. Armed with knowledge of all of the relevant facts, the bankruptcy court must determine, case by case, whether the security interest coveted by counsel can be tolerated under the particular circumstances. *Ibid* at 182.

K & A appears to justify the transfer of the 80 acres immediately prepetition as being an arrangement to secure it as to the payment of ongoing fees to be incurred during the pendency of the Chapter 11 case. That argument is certainly contrary to the disclosures made in Flying E's schedules. Further, as to the suggestion that the property had no value, the Court must observe that K & A apparently was of the belief that the property had some value at the time that it took the transfer. Otherwise, why would the firm have been so diligent in arranging for the transfer of the 80 acres immediately prior to the filing of the bankruptcy case, and then be so dilatory in disclosing the same to the Court?

Clearly, K & A was a "creditor" of the estate at the time of the filing of the Chapter 11 petition. The fact that such a debt was incurred long prior to the filing of the Chapter 11 case takes that debt out from under the purview of the *Martin* case, *supra*. In any event, by a strict reading of Sections 327 and 101(13) of the Bankruptcy Code, K & A was not "disinterested" and, therefore, should not have been appointed as counsel for Flying E. Such a strict interpretation of the Code has certainly been adopted by other courts. *In re Roberts*, 75 B.R. 402 (D.Utah 1987); *In re Pierce*, 809 F.2d 1356 (8th Cir.1987); *In re Estes*, 57 B.R. 158 (Bankr.N.D.Ala.1986); *In re Gray*, 64 B.R. 505 (Bankr.E.D.Mich. 1986).

The Court is aware that strict adherence to the definition of "disinterested" under 11 U.S.C. § 101(13) has not universally been required. As discussed, the court in the *Martin* case, *supra*, made an exception with respect to fees incurred in connection with the filing of the debtor's estate. Less than a hard-line approach was also applied by the court in the case of *In re Heatron, Inc.*, 5 B.R. 703 (Bankr.W.D.Mo.1980).

In the present case, the Court need not focus solely on the fact that K & A was not "disinterested" within the meaning of Section 101(13) of the Bankruptcy Code. Here there are other and more difficult problems. K & A is not only a creditor, but the largest unsecured creditor. Further, not

only is K & A an unsecured creditor, it is a secured creditor as well, holding a deed of trust on a parcel of Flying E's property. In that position it is separately classified in the Debtor's plan with payment provisions calculated to pay K & A in full, with interest at 10%, as soon as the first lien holder is paid. The Court must wonder who represented the interests of the unsecured creditors and the Debtor in negotiating the treatment of the K & A class. Finally, there is the matter of the conveyance made to K & A immediately prepetition of the 80 acres. To all of these factors must be added the failure of K & A to make any disclosure of its various connections with Flying E's estate, either at the time of the filing of the application for employment, or by way of the timely filing of the statement required by 11 U.S.C. § 329, or in its fee application.

K & A argues that its transactions had essentially been disclosed in the petitions and schedules filed with the Court. Such disclosures are simply not sufficient. The Court has a duty to see to it that only persons meeting the standards of Section 327 of the Code are appointed as counsel for the fiduciary in the estate. It is counsel's obligation to come forward with the information concerning his interests. *In re King Resources Co.*, 20 B.R. 191 (D.Colo.1982); *In re Coastal Equities, Inc.*, 39 B.R. 304 (Bankr.S.D.Cal.1984). Certainly, as an officer of the Court, he is expected to be candid and, indeed, Bankruptcy Rule 9011 places an admonition on the attorney to only file petitions which are well grounded in fact. Where an attorney has failed to be forthright in disclosing potential conflicts of interest or disclosing his financial transactions or arrangements so that the Court can make an informed judgment, denial of compensation has been recognized as being an appropriate remedy. *In re Pierce, supra; In re Roberts, supra; In re Gray, supra; In re Estes, supra.*

The Court in this case prefers to not rest its decision on any one factor, but to look to the totality of what has occurred. Here, K & A clearly is and was not "disinterested," as that term is defined in Section 101(13) of the Code. Here, K & A stands in the position of having a significant interest which is adverse to the estate inasmuch as K & A is a secured creditor. K & A has a further adverse interest by reason of the transfer to it of the 80 acres of property immediately prepetition under circumstances where the disclosures in the debtor's statement of affairs and schedules appear to be at variance with the now later disclosures and assertions by counsel. Here, the Court was not given the opportunity to consider and deal with K & A's posture preappointment because there was a total lack of disclosure by the attorney in filing the application for employment, which is contrary to the requirements of Bankruptcy Rule 2014, and a lack of a timely filing of a disclosure statement pursuant to 11 U.S.C. § 329 and B.R. 2016(b). Here, given the delays, the failure to resolve matters with the principal secured creditor, and the absence of a confirmed plan, there is not such an overweighting of the equities as to mandate payment over the imposition of professional sanctions, such as the court observed in *Roberts, supra.* In this Court's view the totality of these circumstances mandates an order denying fees and withdrawing the prior order appointing K & A as counsel for *Flying E* as the debtor-in-possession herein. Accordingly,

IT IS HEREBY ORDERED that the application for fees filed herein by Klingsmith and Associates is hereby denied; and

IT IS FURTHER ORDERED that the order of November 10, 1986, authorizing the debtor-in-possession to employ Klingsmith and Associates, P.C. as counsel pursuant to 11 U.S.C. § 327(a) is hereby withdrawn.