In the Matter of ATLANTA SPORTING CLUB, a California Limited Partnership, Debtor.

In re SPORTING CLUB AT ILLINOIS CENTER, a Delaware Limited Partnership, Debtor.

In re BOCA RATON SPORTS AS-SOCIATES, A Florida Limit-ed Partnership, Debtor.

Bankruptcy No. N91–02081–WHD to N91–02083–WHD.

United States Bankruptcy Court, N.D. Georgia, Newnan Division.

Oct. 17, 1991.

Robert L. Coley, U.S. Trustee, Atlanta, Ga.

Scott F. Norberg, Mary Grace Diehl, Julie J. Kreyling, Troutman, Sanders, Lockerman & Ashmore, Atlanta, Ga., for Mitsui Trust & Banking, Ltd., J.C. West, Inc., Shiba Kosan U.S.A., Inc., SF Capital Corp., Fukutoku Leasing Co., Ltd., Kameya Corp., and C. Itoh & Co., Ltd.

Patrick F. McManemin, J. Michael McBride, Russell W. King, McManemin & Smith, Dallas, Tex., for debtors.

Paul W. Bonapfel, James C. Cifelli, Lamberth, Bonapfel, Cifelli, Willson & Stokes, P.C., Atlanta, Ga., for debtors.

1. The parties objecting to the employment of counsel will be collectively referred to as "Mov-

## ORDER

W. HOMER DRAKE, Jr., Bankruptcy Judge.

This matter is before the Court on the Objections to the Employment of Counsel filed in the above-referenced cases. A hearing was held on this matter on October 3, 1991, and an oral decision was announced on October 10, 1991 at the United States Courthouse, Newnan, Georgia, with a written decision to follow. 132 B.R. 792. This is a core proceeding for which this Court has jurisdiction pursuant to 28 U.S.C. § 157(b)(2). The following constitutes the Court's Findings of Fact and Conclusions of Law.

## FINDINGS OF FACT

On July 30, 1991, Chapter 11 reorganization petitions were filed in this Court by the Atlanta Sporting Club, Ltd. ("Atlanta Club"), the Sporting Club at Illinois Center ("Illinois Club"), and Boca Raton Sports Associates, Ltd. ("Boca Raton Club"). On August 16, 1991, an Order was entered, subject to objections, approving the employment of the firms of McManemin & Smith ("M & S") and Lamberth, Bonapfel, Cifelli, Willson & Stokes ("LBCWS") as co-counsel for the three debtor Clubs. Thereafter, Objections to the employment of both firms were filed by the United States Trustee in all three cases. Additionally, Objections were filed in the Atlanta case by Mitsui Trust & Banking, Ltd. ("Mitsui"), in the Boca Raton case by Mitsui, JC West, Inc., Shiba Kosan U.S.A., Inc., SF Capital Corp., Fukutoku Leasing Co., Ltd., and Kameya Corp. An Objection was also filed by C. Itoh & Co., Ltd. ("C. Itoh") in the Illinois case.[1] At the October 10, 1991, hearing, LBCWS informed the Court of their withdrawal from representation of the Illinois and Boca Raton Clubs. Thereafter, the Objections as to that firm were withdrawn.

Several arguments as to why M & S should be disqualified have been made by

ants".

Movants. First, they contend that M & S represents or has previously represented the general partners of all three debtor Clubs, various other related entities, and Jack Naiman, an equity holder in all of the entities, personally. This, Movants allege, is a direct conflict of interest. Second, Movants argue that M & S' proposal that all three clubs be jointly administered creates an inherent conflict among the three estates, since they have separate secured and unsecured creditors. Third, they contend that M & S is the recipient of a fraudulent transfer in that a large majority of attorney's fees for all three Clubs have been paid by the Atlanta Club. Fourth, Movants argue that M & S has failed, on numerous occasions, to disclose the information required by 11 U.S.C. § 327 and Federal Rule of Bankruptcy Procedure 2014(a). M & S, in the October 10 hearing, introduced testimony that the reorganization effort would be severely hampered if M & S was disqualified and the Clubs had to retain individual counsel, and furthermore, that no prior representation resulted in any conflict of interest. Therefore, M & S argues that it should be allowed to remain as counsel for the debtor Clubs. The Court disagrees.

## CONCLUSIONS OF LAW

The standards which must be met in order to be employed as counsel for the debtor-in-possession are found in 11 U.S.C. § 327(a), which requires that counsel be disinterested and not hold an interest adverse to the estate.[2] Additionally, the application for employment must meet the requirements of Federal Rule of Bankruptcy Procedure 2014.[3] M & S has not met the requirements of either of these sections.

■ The record indicates that M & S has represented several entities related to the debtor Clubs, including the general partners of the three Clubs. When an attorney has previously represented a general partner, he may not then represent the limited partnership in a bankruptcy proceeding. *In re W.F. Development Corp.*, 905 F.2d 883, 884 (5th Cir.1990); *In re Downtown Inv. Club III*, 89 B.R. 59, 64 (9th Cir. BAP 1988). Section 723 of the Code allows, in some cases, a partnership trustee to go against the nondebtor general partner for deficiencies to pay all claims in full. Because a general partner is a target for such potential claims by a debtor limited partnership, such a representation presents a potential conflict of interest. 89 B.R. at 64. Moreover, the record also indicates that most, if not all, of the entities previously represented by M & S are, in fact, controlled by one individual, Jack Naiman, whom M & S has represented personally on some occasions. This representation clearly indicates an adverse interest to the debtor Clubs on the part of M & S, and is grounds for the firm's disqualification.

■ The second factor which leads to disqualification is the source of attorney's fees paid to M & S. Movants have introduced evidence, which has not been refuted by M & S, that approximately $820,000.00 has been paid to M & S by the three Clubs,

2. 11 U.S.C. § 327(a) states:
    Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

3. Federal Rule of Bankruptcy Procedure 2014 states, in pertinent part:
    (a) APPLICATION FOR AN ORDER OF EMPLOYMENT. An order approving the employment of attorneys, accountants, appraisers, auctioneers, agents, or other professionals pursuant to § 327 or § 1103 of the Code shall be made only on application of the trustee or committee, stating the specific facts showing the necessity for the employment, the name of the person to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the person's connections with the debtor, creditors, or any other party in interest, their respective attorneys and accountants. The application shall be accompanied by a verified statement of the person to be employed setting forth the person's connections with the debtor, creditors, or any other party in interest, their respective attorneys and accountants.

with over 80% of the total amount coming from the Atlanta Club. Moreover, the funds were not kept in individual accounts, but were commingled as one singular fund for all three Clubs. Since the Clubs are three separate entities, this is improper.[4] Additionally, the Atlanta Club may not only have an action against M & S for a preferential or fraudulent transfer, but may also have an action against the Illinois and Boca Raton Clubs for their share of attorney's fees paid to M & S. This is an additional actual conflict which merits disqualification. *In re Flying E. Ranch Co.*, 81 B.R. 633, 637 (Bankr.D.Colo.1988); *Diamond Lumber v. Unsecured Creditor's Committee*, 88 B.R. 773, 779 (N.D.Tex.1988).

 The final issue to be addressed is the adequacy of the disclosures made by M & S. When applying to serve as counsel to the debtor, it is the responsibility of the debtor and his counsel to fully disclose all relationships with the debtor, related entities, creditors, and any other parties in interest. *In re Waterfall Village of Atlanta, Ltd.*, 103 B.R. 340, 346 (Bankr. N.D.Ga.1989); *see also In re Flying E. Ranch Co.*, 81 B.R. at 637; *In re Huddleston*, 120 B.R. 399, 400–401 (Bankr. E.D.Tex.1990). "The court must be presented the whole picture especially where there is a multilayering of relationships as in the present case." *Waterfall Village*, 103 B.R. at 346. In the case *sub judice*, M & S has fallen well short of disclosing the required information to the Court. The first statement filed by M & S, as required by Federal Rule of Bankruptcy Procedure 2014, was not verified and did not disclose many of the relationships it had with other related entities or with Jack Naiman personally. Moreover, the statement did not disclose the amount or source of funds paid to M & S by the three Clubs, nor the amount which had been disbursed for services rendered. In short, the statement was woefully inadequate.

In response to the United States Trustee's request, M & S supplemented its statement with two subsequent disclosure statements. However, while M & S did disclose more information than was included in the first statement, the firm still did not meet the required standards. M & S still did not disclose the extent of their representation of other related entities, nor did it disclose the details concerning the funds paid to the firm by the Clubs. When an attorney fails to disclose relationships and facts necessary for the Court to make a determination as to whether they meet the requirements of the Code, three explanations may be inferred: oversight or negligence, failure to understand the importance of proper disclosure, or an intent to circumvent the Code. *In re Automend*, 85 B.R. 173, 179 (Bankr.N.D.Ga.1988). M & S is a firm with experienced bankruptcy counsel, fully aware of the extent of their representation of other related entities and Jack Naiman personally. The failure to disclose this information and other facts strongly indicate a deliberate attempt to circumvent the requirements of the Code. Although the Court does not hold that a failure to disclose this information is *per se* grounds for disqualification, the facts of this case warrant such an outcome.

For the foregoing reasons, the Objections to the Employment of Counsel are GRANTED, and the firm of McManemin & Smith shall be disqualified from representing the debtors in the above-referenced cases. The firm of Lamberth, Bonapfel, Cifelli, Willson & Stokes, having withdrawn from representation of the Illinois and Boca Raton debtors, shall be allowed to continue as counsel for the Atlanta Club.

IT IS SO ORDERED.

---

**4.** In an Order filed October 10, 1991, 132 B.R. 792, this Court found that the three debtor Clubs were not "affiliates" as defined by the Code. Moreover, the Court has also denied a motion to jointly administer the three estates. Any attempts to treat the Clubs as a single entity would therefore be improper.