## In re KAPPY INVESTMENTS, INC., Debtor.

### Bankruptcy No. 10–61454.

United States Bankruptcy Court,
D. Minnesota.

Feb. 2, 2012.

Jon R. Brakke, Vogel Law Firm, Fargo, ND, for Debtor.

## ORDER DENYING APPLICATION FOR EMPLOYMENT AND COMPENSATION

DENNIS D. O'BRIEN, Bankruptcy Judge.

This matter was heard on December 13, 2011, on Vogel Law Firm's application for approval of employment and allowance of compensation. The United States Trustee objects to the applications. Jon Brake appeared on behalf of Vogel, and Sarah Wencil appeared on behalf of the Trustee. The Court, having received and reviewed briefs filed by the parties, heard and considered arguments made at the hearing, and being fully advised in the matter, now makes this **ORDER** pursuant to the Fed-

eral and Local Rules of Bankruptcy Procedure.

## I

This case was filed on December 29, 2010, by Vogel Law Firm. The firm did not file an employment application until January 18, 2011. The application was initially approved on January 20, 2011. In the meantime, the U.S. Trustee had timely objected on January 19, 2011. In the objection, the U.S. Trustee claimed that Vogel had failed to disclose a number of potential conflicts of interest and that the firm was in fact not disinterested and therefore not qualified to represent the debtor under 11 U.S.C. § 327(a). The order approving was vacated on January 25, 2011.

Vogel took no action to set the application for hearing, as required by Local Rule 2014–1(b). Another attorney, Erik Ahlgren, not of the Vogel firm, filed an application to be employed on February 15, 2011. Mr. Ahlgren was approved as counsel. A plan was confirmed by the Court on August 25, 2011, and the Court has allowed Mr. Ahlgren's fees.

After a plan was confirmed, Vogel filed an application for compensation on September 15, 2011, for services rendered from the filing date to the date of his initial application for employment, January 18, 2011. The U.S. Trustee objected, asserting that a professional could not receive compensation for services unless the professional was employed by the estate. The applicant continued that motion and filed this application to be employed on November 22, 2011. Both motions were heard on December 13, 2011.

The Court denies the application for employment because it was untimely filed, it failed to disclose potential disqualifying conflicts, and because Vogel had an actual disqualifying conflict of interest during the period for which approval is sought. The application for allowance of compensation is denied because the applicant's employment was never approved under 11 U.S.C. § 327(a).[1]

## II

■ The application for approval of employment under consideration was filed on November 22, 2011, after the Trustee objected to Vogel's application for compensation, filed on September 15, 2011, because Vogel's employment had never been approved. The application seeks approval for Vogel's employment for the period from the date of the petition filing to the Trustee's initial objection to an earlier application for employment that Vogel filed on January 18, 2011. Vogel should have addressed the Trustee's objection to the firm's employment in January 2011. Instead, the firm arranged for an unassociated attorney to represent the debtor in the case. Vogel's request for a *nunc pro tunc* order now is without explanation or justification for the delay.

■ Even if the late application could be justified under the circumstances, it would not be approved because Vogel never disclosed on the re cord potential conflicts of interest in the employment. Full disclosure is required. Aside from seeking to represent the debtor-in-possession Kappy, Vogel represented its 85% shareholder, Walter L. Tischer, who was also the officer in charge of the debtor-in-possession, and, who had a substantial individual unsecured claim in the case, as well as the controlling interest in several corporate claimants of Kappy. Additionally, Tischer had an indi-

---

1. See: *Lamie v. U.S. Trustee,* 540 U.S. 526, 124 S.Ct. 1023, 1025,1032, 157 L.Ed.2d 1024 (2004).

vidual Chapter 11 pending that Vogel was representing. None of this was disclosed in either of the employment applications.

■ Vogel argued at the hearing that these matters were thoroughly discussed with the Trustee in telephone calls. Discussions with the Trustee do not satisfy the disclosure requirements. Proper disclosure belongs in the application filed of record for the Court and all interested parties in the case to see.

■ "When applying to serve as counsel to the debtor, it is the responsibility of the debtor and his counsel to fully disclose all relationships with the debtor, related entities, creditors and any other parties in interest." *In re Atlanta Sporting Club*, 137 B.R. 550, 553 (Bankr.N.D.Ga.1991) (citing *In re Waterfall Village of Atlanta, Ltd.*, 103 B.R. 340, 346 (Bankr.N.D.Ga. 1989); *In re Flying E. Ranch Co.*, 81 B.R. 633, 637 (Bankr.D.Colo.1988); *In re Huddleston*, 120 B.R. 399, 400–01 (Bankr. E.D.Tex.1990)); see also *In re Diamond Mortg. Corp. Of Illinois*, 135 B.R. 78, 97 (Bankr.N.D.Ill.1990) (holding that the attorney and the debtor must disclose "any fact which would be relevant to the court's determination of whether the professional has a conflict of interest, is not disinterested or represents an adverse interest, must be disclosed" and noting that a reviewing court has no duty to search a file to find conflicts of interest). "The court must be presented the whole picture especially where there is a multi layering of relationships as in the present case." *Atlanta Sporting Club*, 137 B.R. at 553 (quoting *Waterfall Village*, 103 B.R. at 346).

"When an attorney fails to disclose relationships and facts necessary for the Court to make a determination as to whether they meet the requirements of the Code, three explanations may be inferred: over-sight or negligence, failure to under stand the importance of proper disclosure, or an intent to circumvent the Code." *Id.*, citing *In re Automend*, 85 B.R. 173, 179 (Bankr. N.D.Ga.1988).

■ Finally, Vogel claims that there was no actual conflict of interest and that the application should be allowed pursuant to 11 U.S.C. § 327(c). Vogel claims that the Trustee was informed that Kappy's insider creditors would subordinate their claims to non insider unsecured claims, removing any conflict. The Trustee's attorney, with whom Vogel's attorney had the conversations, represented at the hearing that she had no recollection of an intent to subordinate in the discussions.

Assuming that Vogel's version of the conversations is accurate, the expression of intent to subordinate does not cure an obvious conflict of interest for Vogel. Tischer's claim in the Kappy estate belonged to his individual bankruptcy estate, which Vogel also represented. Tischer's interests in the corporate insider claims filed in Kappy belonged to his individual estate, too. As such, the firm could hardly be in a position to advise Kappy to subordinate the claims without violating the duty owed to Tischer's estate, or to even evaluate the Tischer and related insider claims at all. *See In re Big Mac Marine, Inc.*, 326 B.R. 150 (8th Cir. BAP 2005).

■ Vogel argues that the scheduled non insider unsecured claims were insignificant in number and amount, and that essentially there was no harm, so no foul.[2] But, at the beginning of bankruptcy cases, schedules filed with the petition are not the final word in the number and amount of ultimately allowed unsecured claims. Actual conflicts of interest arise from the representation of adverse interests in the case or proceeding. They are identified

---

**2.** According to the plan ultimately confirmed in the case, non insider claims were estimated at just over $9,000, while insider claims totaled $396,020.

and determined before, not after, trouble arises from the conflict. As observed above, Vogel's representation of the Kappy and Tischer estates disqualified the firm from dealing with the Tischer and related claims in the Kappy estate from the outset. An attorney is disqualified from representing a debtor by an actual conflict of interest as long as the conflict exists. *Big Mac Marine, Inc.*, 326 B.R. at 155. Here, the conflict existed during the period for which Vogel now seeks approval of employment.

Vogel's application for approval of employment will be denied for the reasons discussed above, and the application for compensation must also be denied as required by *Lamie v. U.S. Trustee*, 540 U.S. 526, 124 S.Ct. 1023, 1025, 1032, 157 L.Ed.2d 1024 (2004).

### III

Accordingly, it is hereby **ordered** that the applications of the Vogel Law firm for approval of employment and for an award of compensation are **DENIED**.