**In re BEST WESTERN HERITAGE INN PARTNERSHIP, a Tennessee General Partnership and Irving Evans, As and only as Trustee for Best Western Heritage Inn Partnership, A Single Entity, Debtor.**

**Bankruptcy No. 1–87–00689.**

United States Bankruptcy Court, E.D. Tennessee.

Aug. 21, 1987.

Kyle R. Weems, Chattanooga, Tenn., for debtor-in-possession.

David H. Jones of Walt, Dyer & James, Knoxville, Tenn., for First Valley Sav. & Loan Ass'n.

## MEMORANDUM

RALPH H. KELLEY, Chief Judge.

First Valley Savings and Loan Association filed a motion to terminate the employment of Carlos Smith and his law firm as attorneys for the debtor-in-possession. The motion was heard on July 8, 1987. The court makes the following findings of fact based on the entire record.

The debtor filed its chapter 11 petition on March 23, 1987. A list of creditors was filed with the petition. It listed Carlos Smith and his law firm as nonpriority, unsecured creditors in the amount of $47,-000. The statement of financial affairs showed prepetition payments or transfers to attorneys, including Carlos Smith and his law firm. It also showed litigation in the state courts by the debtor against First Valley, the creditor that has moved for termination of the employment of Carlos Smith and his law firm.

The fees owed to Carlos Smith and his law firm arose from the debtor's litigation against First Valley. They were hired to obtain an injunction of First Valley's planned foreclosure on the hotel that is the debtor's main asset and to pursue other related claims against First Valley and its officers, directors, or stockholders. It appears that the outcome of the litigation against First Valley may be key to the debtor's reorganization.

The debtor's chapter 11 petition was signed by Kyle Weems as the debtor's attorney. It also listed Carlos Smith and his law firm as attorneys for the debtor. The debtors filed an application to employ Kyle Weems as attorney for the debtor-in-possession and it was approved by the court. The debtor also applied to employ Carlos Smith and his law firm as attorneys for the debtor-in-possession. The application was filed after the statement of affairs was filed. The court approved their employment.

After First Valley objected to the employment by Carlos Smith and his law firm, the debtor filed an amended application to employ them only for the special purpose of pursuing the state court suit against First Valley. The state court suit has been removed to this court. First Valley also objects to the employment of Carlos Smith and his law firm as special counsel.

Bankruptcy Code § 1107(a) makes the debtor as debtor-in-possession subject to the general rules of the Code as to hiring attorneys for the bankruptcy estate. 11 U.S.C. §§ 1107(a). In particular, Bankruptcy Code § 327(a) provides:

(a) Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

(b) If the trustee is authorized to operate the business of the debtor under section 721, 1202, or 1108 of this title, and if the debtor has regularly employed attorneys, accountants, or other professional persons on salary, the trustee may retain or replace such professional persons if

necessary in the operation of such business.

(c) In a case under chapter 7, 12, or 11 of this title, a person is not disqualified for employment under this section solely because of such person's employment by or representation of a creditor, unless there is objection by another creditor or the United States trustee, in which case the court shall disapprove such employment if there is an actual conflict of interest.

(d) The court may authorize the trustee to act as attorney or accountant for the estate if such authorization is in the best interest of the estate.

(e) The trustee, with the court's approval, may employ, for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed.

(f) The trustee may not employ a person that has served as an examiner in the case.

11 U.S.C. § 327.

Bankruptcy Code § 101(13) defines disinterested person:

(13) "disinterested person" means person that—

(A) is not a creditor, an equity security holder, or an insider;

(B) is not and was not an investment banker for any outstanding security of the debtor;

(C) has not been, within three years before the date of the filing of the petition, an investment banker for a security of the debtor, or an attorney for such an investment banker in connection with the offer, sale, or issuance of a security of the debtor;

(D) is not and was not, within two years before the date of the filing of the petition, a director, officer, or employee of the debtor or of an investment banker specified in subparagraph (B) or (C) of this paragraph; and

(E) does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor or an investment banker specified in subparagraph (B) or (C) of this paragraph, or for any other reason; ....

11 U.S.C. § 101(13).

Bankruptcy Code § 1107 provides:

(a) Subject to any limitations on a trustee serving in a case under this chapter, and to such limitations or conditions as the court prescribes, a debtor in possession shall have all the rights, other than the right to compensation under section 330 of this title, and powers, and shall perform all the functions and duties, except the duties specified in sections 1106(a)(2), (3), and (4) of this title, of a trustee serving in a case under this chapter.

(b) Notwithstanding section 327(a) of this title, a person is not disqualified for employment under section 327 of this title by a debtor in possession solely because of such person's employment by or representation of the debtor before the commencement of the case.

■ First Valley argues that Carlos Smith and his law firm are disqualified from representing the debtor-in-possession because they are creditors and not disinterested persons under § 101(13). Section 1107(b) provides an exception for a debtor-in-possession from the general rule that the debtor's prebankruptcy attorney cannot represent the bankruptcy estate. Section 1107(b), however, only prevents disqualification on the ground of prior representation of the debtor. It does not prevent disqualification on the ground that fees owed to the attorney for the prior representation make him a not-disinterested creditor. *In re Anver Corp.*, 44 B.R. 615, 11 Coll.Bankr.Cas.2d 1171 (Bankr.D.Mass. 1984).

The argument can be made that § 1107(b) should be given a broader reading to create such an exception, because the statutes do not say that prior represen-

tation of the debtor disqualifies an attorney from representing the trustee. Unlike § 158 of the prior bankruptcy statutes, the present definition of disinterested person does not specifically exclude both prebankruptcy employees and attorneys. 11 U.S.C. § 101(13)(D); 11 U.S.C. § 558 (1978); Bankruptcy Rules 10–206(a) & 10–202(c)(2) (1982). Nevertheless, the Commission on Bankruptcy Laws of the United States and the United States Senate both thought that the exception created by § 1107(b) was necessary because a debtor's prebankruptcy attorney was disqualified from representing a trustee, even though the word "attorney" was not used in defining "disinterested" or "disinterested person". Report of the Commission on Bankruptcy Laws of the United States, H.R.Doc. No. 137, 93d Cong., 1st Sess. § 1–102(22) (1973); S. 2266, 95th Cong. 2d Sess. §§ 101(14) & 1107 (1978).[1] When the conference committee combined the House and Senate bills into the bill that became the Bankruptcy Code, the House accepted § 1107(b) "which clarifies a point not covered by the House bill". 124 Cong.Rec. H11102 (Daily ed. Sept. 28, 1978) (remarks by Rep. Edwards).

Since both houses of Congress thought the exception specifically created by § 1107(b) is necessary, the court will not give it a broader meaning on the theory that it is not necessary.

■ The question that remains is whether the statutes allow the court to find an exception so that the debtor-in-possession's prebankruptcy attorney can represent it despite being a creditor owed a fee for prebankruptcy work not related to filing the chapter 11 petition.[2] Some legislative history may help.

The requirement that a trustee's attorney be disinterested came from § 158 of chapter X of the prior law and was included in prior Rules 10–206(a) and 10–202(c)(2). 11 U.S.C. § 558 (1978); Bankr.Rules 10–

206(a) & 10–202(c)(2) (1982). S.Rep. No. 989, 95th Cong. 2d Sess. 23 (1978); H.R. 595, 95th Cong. 1st Sess. 310–311 (1977), U.S.Code Cong. & Admin.News 1978, p. 5787. The prior law had two business reorganization chapters—chapter X for the reorganization of public companies and chapter XI on arrangements for nonpublic companies.[3] Chapter X contemplated that there would be a trustee in almost every case. Chapter XI was just the opposite. It contemplated that there would almost never be a trustee and the debtor would continue to operate as debtor-in-possession. See generally 5 L.King, Collier on Bankruptcy ¶ 1101.01 & ¶ 1104.01 (15th ed. 1987).

Chapter X required a trustee for several purposes. The trustee would displace the current management and directors as operator of the business; other stockholders and creditors would be reassured if they had reasons to doubt the honesty or competence of the management or the directors. Along the same line, the trustee was primarily responsible for proposing a plan of reorganization. Thus, small stockholders and creditors did not have to worry about the management or the directors proposing and obtaining confirmation of a plan favorable to them at the expense of other stockholders and creditors. 6 L. King, Collier on Bankruptcy ¶ 0.05 at 69–71, § 0.08[2], & ¶ 7.01[1], [2] (14th ed. 1978). To accomplish these purposes, the trustee had to be free of any reasons for favoritism to any group. This is why the statutes required him to be "disinterested". 6 L. King, Collier on Bankruptcy ¶ 7.03 (14th ed. 1978). "Disinterested" essentially meant that the trustee should not have any recent connections to the debtor corporation. Of course, it did not make sense to have a disinterested trustee without also requiring his attorney

---

**1.** All legislative history materials can be found in Appendix 2 or 3, L. King, Collier on Bankruptcy (15th ed. 1987).

**2.** The court takes it as settled that an attorney first hired for the purpose of filing the chapter 11 petition is not disqualified from representing the debtor-in-possession on the ground that he

has not been paid the entire fee he requested. 11 U.S.C. §§ 329; Bankr.Rule 2017.

**3.** There were three reorganization chapters if chapter XII on real estate arrangements is counted.

to be disinterested. 6 L. King, Collier on Bankruptcy ¶ 7.06 (14th ed. 1978).

On the other hand, neither a chapter X debtor-in-possession nor a chapter XI debtor-in-possession was required to have a disinterested attorney. 6 L. King, Collier on Bankruptcy ¶ 7.07 (14th ed. 1978) but see 13A L. King, Collier on Bankruptcy ¶ 10–206.09 (14th ed. 1978); 14 L. King, Collier on Bankruptcy ¶ 11–22.02 (14th ed. 1978); Bankruptcy Rule 215 (1982). In either case, a proposed attorney for the debtor-in-possession was subject only to the general rule that he could not represent an interest adverse to the bankruptcy estate.

In passing the present Bankruptcy Code, Congress decided that trustees in other kinds of bankruptcy cases, not just business reorganizations, should be disinterested. 11 U.S.C. §§ 701–703 & 1302. It follows, as under old Chapter X, that a disinterested trustee should have a disinterested attorney. It does not follow that a debtor-in-possession should have a disinterested attorney. Since the reasons for requiring a trustee to be disinterested do not apply to a debtor-in-possession, there are few good reasons to require the debtor-in-possession to have a disinterested attorney. The prior law recognized this and did not require a debtor-in-possession to have a disinterested attorney.

Under present chapter 11, Congress rejected the assumption of old chapter X that fair treatment of other creditors and investors in a reorganization case could be assured only by the intervention of a disinterested trustee or a receiver. Congress concluded that the interests of other creditors and investors could be safeguarded by other means so that the debtor's management could be left in control of the business and given the first opportunity to file a reorganization plan. A disinterested attorney might be better prepared to make unpopular recommendations to the debtor-in-possession's management and might be less willing to abide any questionable actions by management, but the management, not the attorney, will still make the final decisions. The court finds it difficult to believe that Congress intended to require a disinterested attorney for a debtor-in-possession as a somewhat ineffective safeguard for the rights of creditors and investors other than management.

Furthermore, the debtor-in-possession is specifically relieved of the investigative duties that should require a trustee to have a disinterested attorney. 11 U.S.C. §§ 1106 & 1107(a).

In summary, the court sees no particularly good practical reason for requiring the attorney for the debtor-in-possession to be perfectly disinterested. Most courts, however, have applied the statutes strictly, so that an attorney, who is not disqualified simply because of his prebankruptcy representation of the debtor, is disqualified if he is owed fees for prebankruptcy representation, since he is a not-disinterested creditor. *In re Pierce,* 809 F.2d 1356 (8th Cir.1987); *In re Patterson,* 53 B.R. 366 (Bankr.D. Neb.1986); *In re Anver Corp.,* 44 B.R. 615, 11 Coll.Bankr.Cas.2d 1171 (Bankr.D.Mass. 1984); *In re Cropper Co., Inc.,* 35 B.R. 625, 11 Bankr.Ct.Dec. 637 (Bankr.M.D.Ga. 1983); *In re B.E.T. Genetics, Inc.,* 35 B.R. 269, 11 Bankr.Ct.Dec. 845, 9 Coll.Bankr. Cas.2d 1346 (Bankr.E.D.Calif.1983). The minority view is stated in *In re Heatron, Inc.,* 5 B.R. 703 (Bankr.W.D.Mo.1980). See also *In re O'Connor,* 52 B.R. 892 (Bankr. W.D.Okla.1985).

This court adopts the minority view that an attorney's claim for prebankruptcy fees for work not related to filing the chapter 11 petition is not a ground for automatically disqualifying the attorney from representing the debtor-in-possession. Automatic disqualification on this ground simply does not make sense practically or logically, unless logic is limited to cross-referencing the statutes. The court's conclusion is admittedly somewhat at odds with a strict construction of the statutes, but § 1107(a) should allow the court to distinguish between the rule applied to a trustee and the rule applied to a debtor-in-possession based on the fundamental difference in their relationship to the parties interested in the chapter 11 case.

The court does not mean to say that the disinterest test is completely inapplicable to

attorneys for chapter 11 debtors-in-possession. The court only concludes that the debtor's prepetition attorney should not be automatically disqualified as a creditor because he is owed fees for non-bankruptcy work done before the chapter 11 petition was filed.

The attorney should still be disqualified under § 327(a) if the claim for fees gives him an interest adverse to the bankruptcy estate.

 In *Heatron*, the court also decided that an attorney's claim for prepetition fees unrelated to filing the bankruptcy petition did not automatically give him an adverse interest. In this case, the evidence did not show that their claim for fees gives Carlos Smith and his law firm an interest adverse to the bankruptcy estate. Their interest as a creditor is essentially the same as the interest of the other creditors *except* First Valley, who wants them disqualified.

The court is not so gullible as to believe that First Valley wants these lawyers fired for the protection of the bankruptcy estate as a whole. First Valley wants to get rid of the attorneys who have prepared the debtor's case against it. The debtor's claims against First Valley appear to be a key to the debtor's reorganization. The court finds that disqualifying Carlos Smith and his law firm, far from benefiting the bankruptcy estate, would actually do it harm. It would be a major setback in the litigation with First Valley. First Valley's attempt to disqualify Carlos Smith and his law firm amounts to nothing more than trying to help itself to the detriment of all other creditors and interested parties.

 The debtor's other lawyer, Mr. Weems, asserted that Carlos Smith and his law firm should have been hired for the special purpose of pursuing the litigation with First Valley, but because of unfamiliarity with bankruptcy practice, they used the form to have general counsel appointed. 11 U.S.C. § 327(e).

The forms also failed to reveal their previous employment and claim against the debtor for unpaid fees. At this early point in their employment, the court sees no reason why Carlos Smith and his firm should be disqualified because they failed to reveal in their application for appointment that they had represented the debtor before filing and were owed fees. Those facts had already been revealed in the schedules and statement of affairs. Carlos Smith and his firm are not at present asking for fees after failing to make the required disclosures. 11 U.S.C. § 328(c). The court will grant the amended application allowing them to be appointed as special counsel nunc pro tunc to the date of the original order of appointment.

This memorandum constitutes findings of fact and conclusions of law. Bankruptcy Rule 7052.