**In re WATERVLIET PAPER COMPANY, INC., Debtor.**

**Bankruptcy No. SK 88–03257.**

United States Bankruptcy Court, W.D. Michigan.

Feb. 17, 1989.

Harold E. Nelson, Clary, Nantz, Wood, Hoffius, Rankin & Cooper, Grand Rapids, Mich., for debtor.

Ellen G. Ritteman, Staff Atty., Office of the Asst. U.S. Trustee, Grand Rapids, Mich.

John William Butler, Jr., Butzel, Keidan, Simon, Myers & Graham, P.C., Bloomfield Hills, Mich., for Heller Financial, Inc.

Timothy J. Curtin, Varnum, Riddering, Schmidt & Howlett, Grand Rapids, Mich., for Creditors' Committee.

1. In *In re Warren Real Estate Group, Inc.,* Case No. SL 88–01092 (Bkrtcy.W.D.Mich. June 6, 1988) I verbally ruled and entered an Order holding that the accounting firm of Yeo & Yeo,

MEMORANDUM OPINION REGARDING THE DISINTERESTEDNESS REQUIREMENT OF COUNSEL REPRESENTING DEBTOR IN POSSESSION

JO ANN C. STEVENSON, Bankruptcy Judge.

In its Application for Appointment as Attorneys to Debtor Watervliet Paper Company, Inc. ("Watervliet"), the firm of Clary, Nantz, Wood, Hoffius, Rankin & Cooper ("Clary, Nantz"), disclosed that it was owed some $27,262.42 for prepetition, nonbankruptcy legal work performed on behalf of the Debtor. The U.S. Trustee, while recognizing that debt is minuscule when compared to the Debtor's entire unsecured debt of over $9,000,000.00, filed its objection nevertheless to the appointment of Clary, Nantz. The basis for the U.S. Trustee's objection is the firm's failure to meet the disinterestedness requirement of 11 U.S.C. § 101(13)(A) as imposed upon Debtor's counsel pursuant to 11 U.S.C. § 327(a).

■ The question before the Court appears to be one which this Bankruptcy District has not yet decided by written opinion.[1] That is, does the Bankruptcy Code permit the debtor in possession to employ as its bankruptcy counsel a firm which discloses in its Application for Employment that the debtor owes it a prepetition debt for nonbankruptcy legal work? For the reasons cited below, I conclude the clear and unambiguous language of the Bankruptcy Code does not permit such a result.

We start first with Section 327(a) which states:

Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, *and that are disinterested persons,* to represent or assist the trustee in carrying out the trustee's duties under this title. (*Emphasis added*)

P.C., was not a disinterested person and thus was precluded from representing the Debtor In Possession because of its prepetition claim against the Debtor.

While Section 327(a) speaks of employment by the trustee, its proscriptions are equally applicable to the debtor in possession pursuant to 11 U.S.C. § 1107(a) which states:

> Subject to any limitations on a trustee serving in a case under this chapter, and to such limitations or conditions as the court prescribes, a debtor in possession shall have all the rights, other than the right to compensation under section 330 of this title, and powers, and shall perform all the functions and duties, except the duties specified in sections 1106(a)(2), (3), and (4) of this title, of a trustee serving in a case under this chapter.

*In re O'Connor*, 52 B.R. 892, 895 (Bkrtcy.W.D.Okla.1985); *In re Gray*, 64 B.R. 505, 507 (Bkrtcy.E.D.Mich.1986); *In re Triangle Chemicals, Inc.*, 697 F.2d 1280, 1283 (5th Cir.1983); *In re Heatron*, 5 B.R. 703, 704 (Bkrtcy.W.D.Mo.1980); *In re Jensen–Farley Pictures Inc.*, 47 B.R. 557, 580 (Bkrtcy.D.Utah 1985); *In re Best Western Heritage Inn Partnership*, 79 B.R. 736, 737 (Bkrtcy.E.D.Tenn.1987); *In re Roberts*, 75 B.R. 402, 407 (D.Utah 1987); *In re Anver Corp.*, 44 B.R. 615, 616 (Bkrtcy.D.Mass.1984); *In re AutoWest, Inc.*, 43 B.R. 761, 762 F.N. 2 (D.Utah 1984); *In re Cropper Company, Inc.*, 35 B.R. 625, 628 (Bkrtcy.M.D.Ga.1983); *In re Leisure Dynamics, Inc.*, 33 B.R. 121, 122 (D.Minn. 1983); and *In re B.E.T. Genetics, Inc.*, 35 B.R. 269, 271 (Bkrtcy.E.D.Cal.1983).

■ The attorney for the debtor in possession must meet the requirements of Section 327(a), *In re Seatrain Lines, Inc.*, 13 B.R. 980, 981 (Bkrtcy.S.D.N.Y.1981), which sets forth two requirements: applicant must be disinterested pursuant to Section 101(13), and must not represent an interest adverse to the estate.

11 U.S.C. § 101(13)(A) explains

(13) "disinterested person" means person that—

(A) is not a creditor, an equity security holder, or an insider;

11 U.S.C. § 101(9) states

(9) "creditor" means—

(A) entity that has a claim against the debtor that arose at the time of or before the order for relief concerning the debtor.

Attorneys who do not meet both criteria are statutorily disqualified from serving as general counsel to the debtor in possession in a Chapter 11 bankruptcy proceeding. *In re Roberts*, 75 B.R. at 402; *In re Gray*, 64 B.R. at 505; and *In re Cropper Company, Inc.*, 35 B.R. at 625.

■ At the time of the filing of the Involuntary Petition, the Clary, Nantz firm was a "creditor" with a claim against the Debtor for unpaid nonbankruptcy related work.[2] Not only a strict reading, but I believe the only reading of Sections 327 and 101(13) of the Bankruptcy Code renders Applicant not "disinterested" and thus ineligible for appointment. The Court believes that this is the proper interpretation of the Bankruptcy Code, and thus finds persuasive those cases adopting this position. *In re Roberts*, 75 B.R. at 402; *In re Pierce*, 809 F.2d 1356 (8th Cir.1987); *In re Estes*, 57 B.R. 158 (Bkrtcy.N.D.Ala.1986); *In re Patterson*, 53 B.R. 366, 371 (Bkrtcy. D.Neb.1985); *In re Flying E Ranch Co.*, 81 B.R. 633 (Bkrtcy.D.Colo.1988); *In re Anver Corp.*, 44 B.R. at 615; *In re Jensen–Farley Pictures, Inc.*, 47 B.R. at 557; and *In re Gray*, 64 B.R. at 505.[3]

---

**2.** Not at issue here are fees which were generated during the "gap" period—October 13, 1988, to December 23, 1988—the date the Court entered its Order for Relief under Chapter 11. Moreover, fees generated during that period are presumably related to bankruptcy work and will be considered as an administrative expense pursuant to Sections 503(b)(2) and 507(a)(1). *See In re Sun Spec Industries, Inc.*, 3 B.R. 703, 705 (Bkrtcy.S.D.N.Y.1980).

**3.** Of particular interest is *In re Martin*, 817 F.2d 175, 179–180 (1st Cir.1987) which while declining to follow the bankruptcy and district court's holding that the debtor's grant of a mortgage to a law firm as security for the payment of its pre- and postbankruptcy fees was *per se* impermissible, does support the lower court's finding that the disinterestedness requirement of Section 327(a) applies to debtors in possession. *Id.* at 179. Furthermore, in eloquently stating that "it stands to reason that the statutory mosaic must, at the least, be read to exclude as a "creditor", a lawyer, not previously owed back fees or other indebtedness," 817 F.2d

■ I do not find persuasive the argument that since the prepetition, unsecured debt is insignificant—$27,272.42 versus the Debtor's total unsecured, prepetition debt of over $9,000,000—the Code should be interpreted differently. First, Section 101(9) speaks of a "creditor" with a "claim.". If Congress had intended it could have further defined claim as one which was significant or substantial. It has not done so. Secondly, even if one were to read such a definitional limitation into the Code, the question which then arises is as to which entity or entities is the claim minuscule or insignificant? Is the determination to be made, as is argued here, vis à vis the Debtor's total unsecured prepetition debt, or is it to be made in relation to the claim's importance to applicant? Alternatively, is the determination as to the "significance" of the applicant firm's claim to be measured against the claim of any one individual prepetition creditor? Because of the conclusion which I reach here the above questions need not be answered.

Nor does 11 U.S.C. § 1107(b) require a different result. That Section states that:

(b) Notwithstanding section 327(a) of this title, a person is not disqualified for employment under section 327 of this title by a debtor in possession solely because of such person's employment by or representation of the debtor before the commencement of the case.

That language simply means that having previously been employed as counsel by the prepetition Debtor does not in and of itself now disqualify the Clary, Nantz firm from representing the Debtor In Possession. However, the firm is still required to meet the disinterested requirement of 327(a) as defined by Section 101(13)(A).

Applicant's brief cites Collier in support of its argument that Section 1107(b) overrides the more stringent requirements of Section 327(a) and permits debtors in possession to employ professionals with prepetition claims.

Presumably, a person may be employed by or represent the debtor subsequent to the filing date even though such person is a creditor by reason of services rendered prior to the filing date for which compensation has not been received. But for this exception, section 1107(a) would subject the debtor in possession to the strict limitations contained in section 327(a). Thus, the debtor, as debtor in possession, would be barred from retaining as "professional persons" the services of its directors, officers, employees or investment banker.

It should be noted that section 1107(b) makes reference to "representation of the debtor" to underscore the fact that counsel for the debtor prior to the commencement of the Chapter 11 case is not disqualified from representing the debtor in possession during the chapter 11 case. With respect to the debtor's retention of its attorneys after the commencement of the chapter 11 case, section 1107(b) merely incorporates in the Code the distinction between retention by a trustee and retention by a debtor in possession contained in former Chapter X Rule 10–206(a). Chapter X Rule 10–206(a) contained the following language:

"Bankruptcy Rule 215 applies to the employment, in Chapter X cases, of attorneys and accountants by a trustee, receiver, or debtor in possession. In addition, an attorney appointed to represent a trustee shall be disinterested as specified in Rule 10–202(c)(2). Notwithstanding the foregoing, the court may, when it is in the best interest of the estate, authorize the employment for special purposes to be set out in the order, other than to represent the trustee in conducting the case, of an attorney who is not disinterested provided that such an attorney represents or holds no interest adverse to the estate in the matters upon which he is to be engaged."

While Rule Chapter X 10–206(a) authorized the employment of attorneys and accountants by the debtor in possession as well as by the trustee or receiver, it

---

at 180, *Martin* implies that a firm with a prepetition claim for nonbankruptcy related-to legal work does not meet the "disinterested person" requirement.

mandated disinterestedness only in the case of counsel retained by the trustee.

5 L. KING, COLLIER ON BANKRUPTCY ¶ 1107.03 (15th ed. 1988).

The upshot of Collier's explanation is that under the Act only attorneys and accountants for the Trustee needed to be disinterested. Although Collier in the chapter on section 327 cites to H.R.Rep. No. 595, 95th Cong., 1st Sess. 404 (1977); S.Rep. No. 989, 95th Cong., 2d Sess. 116 (1978), U.S.Code Cong. & Admin.News 1976, pp. 5787, 5902, 6360, which states, "[Section 1107(a)] places a debtor in possession in the shoes of a trustee in every way," it qualifies the statement by the following language:

> Although the requirement that a trustee hire only attorneys who are disinterested applies to the retention of attorneys by the debtor in possession, it has been suggested that the requirement of disinterestedness applies with less stringency to an attorney for the debtor in possession than to the attorney for the trustee. Accordingly, it has been held that a debtor in possession may retain an attorney who is a creditor of the estate even though such attorney is not disinterested within the meaning of the statute.

2 L. KING, COLLIER ON BANKRUPTCY ¶ 327.05 (15th ed. 1988). I decline to follow the suggestion that the disinterestedness requirement be applied less stringently to the debtor in possession. Instead, I am in accordance with Norton's analysis,

> Section 1107(b) does not excuse the attorney from compliance with the requirement that the attorney be a disinterested person. The only exception provided by § 1107(b) is disqualification arising from prebankruptcy employment. Thus, if the attorney is owed a lot of money by the debtor in possession, then the attorney's creditor status renders the attorney not a "disinterested person" which, under the definition of Code § 101(13), includes a creditor.

1 W. NORTON JR., NORTON BANKRUPTCY LAW AND PRACTICE § 13.26 (1988).

The statute should be interpreted as written unless the language is ambiguous or would produce an absurd result. *In re Anver Corp.*, 44 B.R. at 617. While I am mindful and sympathetic that the result in some cases may be harsh and impractical, I do not think it produces an absurd one. Moreover, the reason for such a prohibition is understandable. The attorney representing the debtor in possession who is also a creditor may be incapable of making those impartial judgments which are required of a professional counseling the Chapter 11 debtor in possession.

Applicant has cited four cases in support of its position, In *In re Best Western Heritage Inn Partnership*, 79 B.R. at 736, Judge Kelly analyzed the disinterested requirement under Chapter X of the prior law noting that neither the Chapter X nor Chapter XI debtor in possession was required to have a disinterested attorney. Referring to the present Chapter 11, Judge Kelly stated that, "The Court finds it difficult to believe that Congress intended to require a disinterested attorney for a debtor in possession as a somewhat ineffective safeguard for the rights of creditors and investors other than management." 79 B.R. at 740. Concluding that it could see no particularly good practical reason for the debtor in possession to be perfectly disinterested, *Best Western Heritage* allowed the creditor attorney to represent the debtor in possession.

Counsel in *In re Viking Ranches, Inc.*, 89 B.R. 113 (Bkrtcy.C.D.Cal.1988), argued that the language of 1107(b), "disqualification solely because of such person's employment", includes any professional who was a creditor solely because of prepetition employment. Ignoring the separate requirement of disinterestedness, *Viking Ranches* simply goes on to hold that although applicant is a significant creditor, its debt is not materially adverse to the estate.

A purely pragmatic approach was adopted in *In re Heatron, Inc.*, 5 B.R. at 703. Recognizing that applicant is a creditor and thus not disinterested, the Court none the less found that the interest did

not offset the value afforded by the attorney's experience and familiarity with the affairs of the debtor.

Applicant's reliance on *In re Leisure Dynamics, Inc.*, 33 B.R. at 121, is most curious as *Leisure Dynamics* interpreted 1107(b) as not mandating disqualification solely because of the law firm's prior employment or representation of the debtor. Judge Renner disqualified the Gray, Plant firm from representing the debtor in possession because two of its members were insiders as defined by the Code. Thus he found that 1107(b) did not apply.

> Leisure's conclusion that section [1107(b)] applies to totally exclude the "disinterested person" requirement in cases where a debtor in possession, rather than a trustee, employs an attorney, requires a tortured interpretation which the court cannot accept.

33 B.R. at 123.

Heller Financial, the Debtor in Possession's secured lender, submitted a brief in support of Clary, Nantz' application for appointment. That brief states that the Eastern District of Michigan authorized such employment by virtue of orders entered in *In re Fred Sanders, Inc.*, No. 87–06979 (E.D.Mich. Nov. 24, 1987) (Order Authorizing Debtor in Possession to Employ Attorneys) and *In re Shatterproof Glass Corporation*, No. 87–03180–B (E.D. Mich. July 20, 1987) (Order Authorizing Debtor in Possession to Employ Accountants). While these orders have no precedential value, they are of some interest.

In *Fred Sanders* the Court found the existence of a prepetition claim not a basis for a *per se* disqualification of the Dickinson, Wright law firm, permitting the firm to represent the debtor in possession upon assignment of its "claim to the Creditors' Committee for purposes of voting to accept or reject any future plan of reorganization to the Court." And in *Shatterproof,* Judge Brody's order recited that the accounting firm with a prepetition claim against the Debtor could represent the debtor in possession since the firm agreed that, "[I]t will not actively participate in the bankruptcy proceedings as a creditor, and will waive its

right to vote to accept or reject any future plan of reorganization submitted to the Court." In both cases applicants were permitted to represent the debtors in possession while retaining their unsecured claims. Neither order addressed the disinterested requirement imposed by 327(a) as defined in 101(13)(A). It appears that both orders were simply drafted and presented for entry to the Court without the benefit of any discussion, argument, or analysis of the appropriate Code Sections. In the instant case, neither party briefed whether this limited assignment of claims rendered applicant firms noncreditors and thus "disinterested" as required by Section 327(a).

Moreover, both orders appear to be in direct conflict with Judge Specter's opinion *In re Gray*, 64 B.R. at 505, which does address the issue raised here. In *Gray,* the accounting firm of Seidman and Seidman was listed among the Debtor's twenty largest creditors with a claim of $11,200.00. The firm filed its application seeking employment as counsel to the debtor in possession stating in that document that it "[D]oes not have any connection with the Debtor, his creditors or any other party in interest or their respective attorneys and represents no adverse interest to the estate in the matters upon which it is to be retained." *Id.* at 506.

At the hearing held on the firm's first application for fees, the Court discovered the prepetition claim. The firm argued that because of its past knowledge of the Debtor's operations and its excellent working relationship with it, the firm had no conflict and it should be allowed to work for the debtor in possession. Judge Spector respectfully disagreed,

> The rule of disqualification is to be rigidly applied; it cannot be waived because of the integrity or ability of the particular person or firm involved.

*Id.* at 507. The accounting firm's request for postpetition fees was denied and it was removed as the debtor in possession's accountant.

While *Gray* contains a wrinkle not present here—the failure of Seidman and Seidman to reveal its prepetition claim—the

opinion unequivocally states that had the claim been timely disclosed when the application was filed, the "Court would have declined to authorize the firm's retention." *Id.* at 508.

At the hearing in the present case the argument was made that in reality law firms are not as vigilant in collecting their fees as are trade creditors. Thus many firms will find themselves in the difficult position of making one of three choices: collecting past due debts on the eve of bankruptcy and thus subjecting themselves to preference suits, being forced to waive a prepetition claim in order to represent the debtor in possession, or foregoing representation of the debtor in possession. While these choices may be difficult ones, I don't believe they are so onerous as to enable me to disregard the clear and unambiguous proscriptive language of the statute. This is especially so where the firm's dilemma can best be resolved by ensuring that it is paid in the ordinary course of business and does not have a past-due account at the time of the filing.

I am not unmindful of the practical effects that the correct reading of these Code Sections may have both on counsel as well as the debtor in possession who may be deprived of the expert legal guidance of a firm in the best position to guide it through the mine fields of negotiating and consummating a successful Chapter 11 Plan. In light of the Code's clear and unambiguous language, and the firm's admitted status as a creditor, however, the Court's proverbial hands are tied. The professional's complaint in this area lies with Congress not the Court. *In re Pierce*, 809 F.2d at 1363. Absent more, I would have granted the U.S. Trustee's Objection. Counsel for Watervliet suggested in its Application for Employment that should the Court disallow the Firm's appointment because of its creditor status, it would waive its prepetition claim. As waiver of this claim would render the firm disinterested and thus in compliance with Section 101(13)(A), *In re Roberts*, 46 B.R. 815, 849 (Bkrtcy.D.Utah 1985) *aff'd in part and rev'd in part on other grounds*, 75 B.R. 402 (D.Utah 1987), I will allow the Debtor in Possession to retain

Clary, Nantz upon fulfilment of that condition.

Accordingly, an order in conformity with this opinion shall be entered.