In re **WATERVLIET PAPER COMPANY, INC., Debtor.**

**Bankruptcy No. SK 88–03257.
No. G89–30236 CA.**

United States District Court, W.D. Michigan, S.D.

Aug. 28, 1989.

---

Clary, Nantz, Wood, Hoffius, Rankin & Cooper by Harold E. Nelson, Grand Rapids, Mich., for debtor.

Butzel, Keidan, Simon, Myers & Graham, P.C. by John Wm. Butler, Jr., Lawrence A. Lichtman, Bloomfield Hills, Mich., for Heller Financial, Inc.

Varnum, Riddering, Schmidt, & Howlett by Timothy J. Curtin, Grand Rapids, Mich., for Unsecured Creditors Committee.

Ellen G. Ritteman, Grand Rapids, Mich., Office of the U.S. Trustee.

Gregory G. St. Arnauld, Kalamazoo, Mich.

BENJAMIN F. GIBSON, District Judge.

## INTRODUCTION

This matter comes before the Court on appeal from the United States Bankruptcy Court, Western District of Michigan, pursuant to Title 28 United States Code Section 158. In the proceedings below, in an Opinion and Order dated February 17, 1989, the law firm of Clary, Nantz, Wood, Hoffius, Rankin & Cooper ("Clary Nantz") was appointed to represent the debtor-in-possession, Watervliet Paper Company, Inc. (the "debtor") in Chapter 11 bankruptcy proceedings. *See In re Watervliet Paper Co.*, 96 B.R. 768, 774 (Bankr.W.D.Mich.1989). However, the bankruptcy court declared that as a condition to the debtor retaining Clary Nantz's representation, Clary Nantz was required to waive its pre-petition unsecured claim for prior legal services. *Id.* Clary Nantz now appeals the bankruptcy court's order. For the reasons stated below, the Court affirms the decision of the bankruptcy court.

## FACTS

The debtor's creditors filed an involuntary Chapter 7 bankruptcy petition, which was eventually converted to Chapter 11. Thereafter, Clary Nantz filed its Application for Appointment as Debtor's Attorneys notwithstanding the firm's status as a pre-petition unsecured creditor. Clary Nantz had an unsecured claim for $27,262.42 for non-bankruptcy legal services performed prior to the involuntary bankruptcy petition. All parties agree that Clary Nantz's claim is miniscule; the debtor's total unsecured claims equal $9,603,960.30.

In its Opinion and Order dated February 17, 1989, which appointed Clary Nantz to represent Watervliet but required it to waive its unsecured claim, the bankruptcy court conducted a thorough review of the applicable case law and statutes, then rejected the argument that since Clary Nantz's unsecured claim was insignificant, the bankruptcy code could allow Clary Nantz to represent the debtor and to retain its status as an unsecured creditor. *See In re Watervliet Paper Co.*, 96 B.R. 768 (Bankr.W.D.Mich.1989). The bankruptcy court reasoned that the clear and unambiguous language of the bankruptcy code precludes the debtor-in-possession from employing counsel which has a pre-petition claim for non-bankruptcy legal work since its claim makes it no longer disinterested under Section 327(a) as defined by Section 101(13). *Id.* at 769–70. *See* 11 U.S.C. §§ 327(a), 101(13).[1] The bankruptcy court concluded that although interpreting the statute strictly as written "in some cases may be harsh and impractical, I do not think it produces an absurd [result]." *Watervliet*, 96 B.R. at 772.

On appeal, Clary Nantz and the unsecured creditors' committee argue that Clary Nantz's unsecured claim did not render it ineligible under the disinterested re-

---

1. Section 327(a) provides:

   Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.
   11 U.S.C. § 327(a).

   Section 101(13) defines "disinterested person" as a person that:
   (A) is not a creditor, ...

   ....

   (E) does not have an interest materially adverse to the interest of the estate or any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor ..., or for any other reason.
   11 U.S.C. § 101(13).

quirement. They argue that in allowing the debtor-in-possession to retain Clary Nantz it was not necessary to require Clary Nantz to waive its unsecured claim. The firm argues that the "notwithstanding section 327(a)" language of Section 1107(b) [2] modifies the requirements of Section 327(a) for attorneys who represented the debtor prior to bankruptcy notwithstanding a *de minimis* creditor status, which is a normal incident of employment. The unsecured creditors' committee agrees with Clary Nantz's position and argues further that not only is appointment allowable under the appropriate statutes, but also, the appointment of Clary Nantz is in the best interests of the estate's unsecured creditors since the firm's pre-petition representation has given it the familiarity to make informed decisions and to take swift action with respect to the estate. Thus, a totality of factors approach is advocated for determining whether representation is appropriate.

## STANDARD OF REVIEW

On appeal the district court cannot set aside the bankruptcy court's findings of fact unless they are clearly erroneous. Bankr.R. 8013; *Newton v. Johnson (In re Edward M. Johnson & Associates, Inc.)*, 845 F.2d 1395, 1400 (6th Cir.1988); *DuVoisin v. Foster (In re Southern Industrial Banking Corp.)*, 809 F.2d 329, 331 (6th Cir.1987). However, the district court may make an independent examination of any question of law or mixed questions of law and fact. *Byron Center State Bank v. Lake Odessa Livestock Auction, Inc. (In re Van Rhee)*, 80 B.R. 844, 846 (Bankr.W. D.Mich.1987).

## ANALYSIS

The issue before the Court, which must be decided as an independent question of law, is whether Clary Nantz is required under the bankruptcy code to waive its pre-petition unsecured claim in order to be retained as the debtor-in-possession's attorney.

The Court, having made a thorough review of the record in the bankruptcy court proceedings, the bankruptcy court's opinion, the appellate briefs, and having conducted independent research of the case law and appropriate federal statutes and regulations, finds that under a strict reading of the statutes, Clary Nantz was not a disinterested party. The Court recognizes that there is a persuasive minority view that "an attorney's claim for pre-bankruptcy fees for work not related to filing the chapter 11 petition is not a ground for automatically disqualifying the attorney from representing the debtor-in-possession." *See In re Microwave Products of America, Inc.*, 94 B.R. 971 (Bankr.W.D. Tenn.1989); *In re Viking Ranches, Inc.*, 89 B.R. 113 (Bankr.C.D.Cal.1988); *In re Best Western Heritage Inn Partnership*, 79 B.R. 736 (Bankr.E D.Tenn.1987). However, the Court concludes that the bankruptcy court was not incorrect in following the majority position which holds that such attorney is not a disinterested creditor. *See In re Pierce*, 809 F.2d 1356 (8th Cir. 1987); *In re Flying E. Ranch Co.*, 81 B.R. 633 (Bankr.D.Colo.1988); *In re Patterson*, 53 B.R. 366 (Bankr.D.Neb.1985); *In re Anver Corp.*, 44 B.R. 615 (Bankr.D.Mass. 1984). Thus, the bankruptcy court was not in error in waiving Clary Nantz's unsecured claim upon appointing them as counsel for the debtor-in-possession.

Accordingly, the bankruptcy court's Opinion and Order dated February 17, 1989 is affirmed.

---

**2.** Section 1107(b) provides:

Notwithstanding section 327(a) of this title, a person is not disqualified for employment under section 327 of this title by a debtor in possession solely because of such person's employment by or representation of the debtor before the commencement of the case.

11 U.S.C. § 1107(b).