**In re CLASSIC ROADSTERS, LTD., Debtor.**

**Bankruptcy No. 92–30914.**

United States Bankruptcy Court, D. North Dakota.

Jan. 22, 1993.

## ORDER

WILLIAM A. HILL, Bankruptcy Judge.

The matter before the court is a motion filed on December 21, 1992, by the Debtor, Classic Roadsters, Ltd., acting as debtor in possession, seeking authority to employ a law firm to represent it as local counsel in its Chapter 11 proceedings. Objections have been raised by the U.S. Trustee, Creditor's Committee, and Gary Rutherford (Rutherford), the major secured creditor of the bankruptcy estate. The U.S. Trustee also requests a hearing on the matter. After reviewing the issues raised in the pleadings, the court is satisfied that the issue may be resolved without a hearing. Accordingly, the U.S. Trustee's request is denied.

■ The Chapter 11 case commenced September 22, 1992. On December 21, 1992, Classic Roadsters filed its Application to Employ Attorneys requesting the law firm of Solberg, Stewart, Boulger, Miller & Johnson (Solberg law firm). The employment application states that the Solberg law firm is owed attorney fees for pre-petition and post-petition nonbankruptcy work on behalf of the Debtor in the amounts of $10,918.23 and $5,246.23 respectively. The application further notes that John Boulger (Boulger), a partner in the Solberg law firm, acts as the escrow agent for the Stock Purchase Agreement between Rutherford and the Debtor. The Solberg law firm continues to represent Rutherford in matters unrelated to the bankruptcy case.

The applicable statutes governing the issues at hand are 11 U.S.C. § 327(a) and 11 U.S.C. § 101(14). Section 327(a) provides:

... [T]he Trustee [or debtor in possession], with the court's approval, may employ one or more attorneys ... [who] do not hold or represent an interest adverse to the estate, and [who] are disinterested persons....

Section 101(14) states:

"disinterested person" means person who:

(A) is not a creditor ...

\* \* \* \* \* \*

(E) does not have an interest materially adverse to the interest of the estate or any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor ..., or for any other reasons[.]

Hence, because of the attorney fees owing to the Solberg law firm, the law firm is, strictly speaking, a creditor of the estate. Despite the unambiguous language of section 101(14), some courts take the position that attorney's claim for pre-bankruptcy fees for work not related to the bankruptcy is not sufficient to disqualifying the attorney from representing the debtor. *See, e.g., In re Microwave Products of America, Inc.,* 94 B.R. 971 (Bankr.W.D.Tenn. 1989); *In re Viking Ranches, Inc.,* 89 B.R. 113 (Bankr.C.D.Cal.1988). However, our own circuit has taken an opposite interpretation of section 101(14). *In re Pierce,* 809 F.2d 1356 (8th Cir.1987); *see also, In re Watervliet Paper Co., Inc.,* 111 B.R. 131 (W.D.Mich.1989); *In re Flying E. Ranch Co.,* 81 B.R. 633 (Bankr.D.Colo.1988); *In re Anver Corp.,* 44 B.R. 615 (Bankr.D.Mass. 1984). In the *Pierce* case, an attorney, a pre-petition creditor with a security interest in the debtor's assets for payment of fees for pre-petition work, urged the court to not apply section 101(14) strictly.[1] He argued that the test for disinterestedness should be whether the attorney possesses an interest that would impair his independent judgment and impartiality, and not whether he is a creditor. Although the court recognized the attorney's argument to have merit, it nevertheless rejected the argument holding that "the intent of the statute is clear, if a professional is a creditor, then that person is not disinterested." *Id.* 809 F.2d at 1362. Ergo, by virtue of the attorney fees incurred for work performed on behalf of the Debtor, the Solberg law firm is a creditor under section 101(14), and thereby is precluded from representing the Debtor.

■ Moreover, the Solberg law firm is not a disinterested person within the parameters of section 327(a) because it holds

---

1. Section 101(14) was designated as section 101(13) at the time *Pierce* was decided.

an interest adverse to the estate. Boulger, a partner in the Solberg law firm, is the escrow agent in a transaction between his former client, Rutherford, and the Debtor. As the escrow agent, Boulger owes a fiduciary duty to both the Debtor and Rutherford. In that capacity, Boulger holds an adverse interest to the interest of the estate and cannot be considered a disinterested individual.

Furthermore, section 327(c) of the Bankruptcy Code states that a professional, who has been employed by or represented a creditor, may be disqualified from employment by the trustee or debtor in possession if, upon objection by a creditor or the U.S. Trustee, the court finds that the professional's employment presents a conflict of interest. The nature of the work associated with escrow agents necessitates that Boulger remain neutral to both parties. However, if Boulger acts as attorney in the bankruptcy case, it would be difficult, if not impossible, for him to represent the estate with the undivided allegiance that is required of an advocate to the estate. *See, In re W.F. Dev. Corp.*, 905 F.2d 883 (5th Cir.1990) (conflict from representations of both limited and general partners in bankruptcy will always exist warranting disqualification of attorney); *In re Georgetown of Kettering, Ltd.*, 750 F.2d 536 (6th Cir.1984) (attorney will be denied compensation where he represented inherently conflicting interests of unsecured creditor and debtor in possession). Boulger's dual representation as an escrow agent will inherently create conflicting interests between the Debtor and Rutherford. This conflict has been raised by the U.S. Trustee and the Creditor's Committee pursuant to section 327(c), and accordingly, this court concludes that the Solberg law firm is disqualified from representing the Debtor.

Accordingly, for the foregoing reasons, Classic Roadster Ltd.'s application for the approval of the Solberg law firm as counsel is DENIED.

SO ORDERED.